**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| WOOD GROUP POWER, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROENERGY SERVICES, LLC )<br>)<br>Defendants. ) | Case No. _____ |

## COMPLAINT

Plaintiff, Wood Group Power, Inc. ("Wood Group"), files this Complaint against ProEnergy Services, LLC ("ProEnergy") requesting that the Court issue a permanent injunction restraining ProEnergy from unlawful conduct and award Wood Group damages and other relief based on the following allegations:

## THE PARTIES

1.

Wood Group is a Delaware corporation with its principal place of business located in Houston, Texas.

2.

ProEnergy is a Missouri corporation with its principal place of business in Sedalia, Missouri. ProEnergy can be served with process upon its registered agent Scott Dieball, at 616 FM1960 West, Suite 500, Houston, Texas 77090.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction under 28 U.S.C. § 1332 as there is complete diversity between the parties and Wood Group seeks damages it has suffered in excess of $75,000.00. Venue is appropriate under 28 U.S.C. § 1391(a) and (c).

## FACTS

4.

Wood Group provides maintenance, outage, repair, and overhaul services for a broad range of equipment used in the global power generation, oil and gas, and marine industries. These activities cover light industrial, aero-derivative, and heavy industrial gas turbines; steam turbines, generators, and controls; other high-speed rotating equipment, including pumps, compressors, and power turbines; and repair and overhaul of accessories, components, and fuel systems for industrial and aero gas turbines. Wood Group has expended significant capital including considerable time, resources, and expense to develop and market its services and products, to develop relationships and goodwill with its customers, suppliers, and prospective customers, and to develop its goodwill and name.

5.

In December 1997, Wood Group employed Marcial Trujillo in Texas. During his employment with Wood Group, Mr. Trujillo signed an employment agreement that included confidentiality and conflict of interest provisions. The employment agreement required Mr. Trujillo to keep Wood Group proprietary, confidential, intellectual property, and/or trade secret information (collectively referred to as "Confidential Information") confidential during and after his employment with Wood Group. Mr. Trujillo also was required upon cessation of his

employment with Wood Group to return all Wood Group Confidential Information, as well as property including, but not limited to, Blackberry and/or similar devices and computer devices including, but not limited to, laptops, external drives, and flash/thumb drives. The conflict of interest provision prohibited Mr. Trujillo, during his employment with Wood Group, from engaging in, directly or indirectly, any employment, consulting, or other activity, which would conflict with his employment obligations to Wood Group.

6.

During Mr. Trujillo's employment with Wood Group, he had access to and possession of Wood Group Confidential Information. Mr. Trujillo also utilized a Western Digital external drive and other flash/thumb drives belonging to Wood Group to store and to access Wood Group Confidential Information.

7.

In November of 2008, Mr. Trujillo discussed potential employment opportunities with ProEnergy, a direct competitor of Wood Group. In January of 2009, Mr. Trujillo provided a copy of his employment agreement with Wood Group to ProEnergy. Also in January of 2009, Mr. Trujillo executed two employment agreements with ProEnergy. Mr. Trujillo did not inform Wood Group that he had executed employment agreements with ProEnergy, and he did not resign from his employment with Wood Group until March 31, 2009. Mr. Trujillo and ProEnergy deliberately concealed these facts from Wood Group. Wood Group would have terminated Mr. Trujillo's employment effective the date he signed employment agreements with ProEnergy in January of 2009 had it been aware of the same at that time.

8.

During January of 2009 and prior to his resignation from employment with Wood Group on March 31, 2009, Mr. Trujillo continued to access Wood Group Confidential Information and to store the same on the Western Digital external drive and other flash/thumb drives belonging to Wood Group.

9.

On or after March 22, 2009, but prior to his resignation from employment with Wood Group on March 31, 2009, Mr. Trujillo began providing services to ProEnergy at ProEnergy's request, services that ProEnergy knew to be in violation of Mr. Trujillo's employment agreement with Wood Group. Such services included, but were not limited to, assisting ProEnergy in the solicitation of potential customers in competition with Wood Group.

10.

On or after March 22, 2009, but prior to his resignation from employment with Wood Group on March 31, 2009, ProEnergy issued Mr. Trujillo a laptop computer. ProEnergy was aware that Mr. Trujillo utilized this laptop on or after March 22, 2009, but prior to his resignation from Wood Group, and connected the Western Digital external drive and other flash/thumb drives, containing Wood Group Confidential Information, to the laptop, conduct ProEnergy knew to be in violation of Mr. Trujillo's employment agreement with Wood Group.

11.

On or after March 22, 2009, but prior to his resignation from employment with Wood Group on March 31, 2009, Mr. Trujillo, at the request of ProEnergy, forwarded resumes of then current Wood Group employees to ProEnergy, conduct ProEnergy knew to be in violation of Mr. Trujillo's employment agreement with Wood Group.

12.

After his resignation from employment with Wood Group on March 31, 2009, and at the request of ProEnergy, Mr. Trujillo retained in his possession the Western Digital external drive and other flash/thumb drives containing Wood Group Confidential Information and accessed the same through his ProEnergy-issued laptop, conduct ProEnergy knew to be in violation of Mr. Trujillo's employment agreement with Wood Group.

13.

On March 30, 2009, Mr. Trujillo received a bonus payment from Wood Group. In accordance with Wood Group's bonus plan, to receive a bonus payment, an individual must be employed with Wood Group at the time such payments are to be made.

## CAUSES OF ACTION

1. **Tortious Interference with Contract**

14.

Wood Group incorporates all allegations contained in Paragraphs 1-13 above.

15.

Through its own conduct, as well as its requests for, and encouragement of, Mr. Trujillo's conduct prior to and after his resignation from employment with Wood Group on March 31, 2009, ProEnergy willfully and intentionally interfered with Mr. Trujillo's employment agreement with Wood Group and has caused Wood Group to suffer damages.

2. **Tortious Interference with Prospective Contract and/or Economic/Business Relations**

16.

Wood Group incorporates all allegations contained in Paragraphs 1-15 above.

17.

Through its own conduct, as well its requests for, and encouragement of, Mr. Trujillo's conduct prior to and after his resignation from employment with Wood Group on March 31, 2009, ProEnergy tortiously interfered with Mr. Trujillo's employment agreements with Wood Group, which prevented Wood Group from entering into prospective contracts and/or economic/business relations with existing and potential customers. ProEnergy's conduct has caused Wood Group to suffer damages.

## DAMAGES

18.

ProEnergy's conduct has deprived Wood Group of its ability to control and to protect its Confidential Information, of the value of its employment agreement with Mr. Trujillo, and of the value of prospective contractual and/or economic/business relations with existing and potential customers. As a result, Wood Group has suffered, and continues to suffer, damages and is thus entitled to compensatory or other damages including, but not limited to, exemplary and punitive damages, investigation and mitigation expenses, costs, attorneys' fees, and other relief.

## PRAYER FOR RELIEF

19.

**WHEREFORE**, Wood Group respectfully requests that this Court:

1. Issue an injunction against ProEnergy ordering it to:

    a. Identify with particularity any and all of Wood Group's Confidential Information, whether currently in its possession or not, that it received from Mr. Trujillo;

    b. Identify with particularity any and all devices including, but not limited to, external drives and flash/thumb drives, whether currently in its possession, or not, that it received

from Mr. Trujillo and which contain Wood Group Confidential Information. Further identify appropriate information regarding the current location for such devices or, if destroyed, the time and place of the same;

   c. Refrain from using in any manner all Confidential Information of Wood Group, and/or devices containing the same, that it received from Mr. Trujillo;

   d. Refrain from revealing any Confidential Information of Wood Group to anyone including, but not limited to, any customer, potential customer, or third party;

   e. Refrain from advertising, promoting, offering, showing or selling any work product or service that is rooted in or derived from Confidential Information of Wood Group that it received from Mr. Trujillo;

   f. Return to Wood Group any and all of Wood Group's Confidential Information and/or devices containing the same;

  2. Award Wood Group compensatory and/or other damages as appropriate, its costs and disbursements, as well as reasonable attorneys' fees, and such other and further relief as this Court may deem proper.

      Respectfully submitted this the 21st day of March, 2011.

      */s/ Samuel Zurik*
      **SAMUEL ZURIK III**
      **THE KULLMAN FIRM**
      A Professional Law Corporation
      1100 Poydras Street, 1600 Energy Centre
      New Orleans, Louisiana 70163
      Telephone: 504-524-4162
      Facsimile: 504-596-4189
      sz@kullmanlaw.com

      **COUNSEL FOR PLAINTIFF**
      **WOOD GROUP POWER, INC.**