## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| WOOD GROUP POWER, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11-cv-01046 |
| | § | JURY |
| PROENERGY SERVICES, LLC | § | |

### FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF PROENERGY SERVICES, LLC

**To the Honorable Vanessa D. Gilmore,**
**United States District Judge:**

ProEnergy Services, LLC ("ProEnergy") files this First Amended Answer and Affirmative Defenses.

### Answer

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. ProEnergy does not contest this Court's jurisdiction. The Court has previously ruled that venue is appropriate.

4. The allegations in Paragraph 4 are admitted in part and denied in part. ProEnergy admits the allegations in the first two sentences of Paragraph 4. The remaining allegations are denied, as ProEnergy does not have sufficient information to admit or deny the allegations.

5. The allegations in Paragraph 5 are admitted in part and denied in part. ProEnergy admits that Trujillo was hired by Wood Group in 1997. The remaining allegations are denied.

6. The allegations in Paragraph 6 are admitted in part and denied in part. ProEnergy admits that Trujillo was supplied with external hard drives by Wood Group. The remaining allegations are denied.

7. The allegations in Paragraph 7 are admitted in part and denied in part. ProEnergy admits the first sentence of Paragraph 7. The remaining allegations are denied.

8. Paragraph 8 is denied.

9. Paragraph 9 is denied.

10. The allegations in Paragraph 10 are admitted in part and denied in part. ProEnergy admits that it issued Trujillo a laptop computer. The remaining allegations are denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

13. The allegations in Paragraph 13 are admitted in part and denied in part. ProEnergy admits that Trujillo received a bonus payment from Wood Group. The remaining allegations are denied.

14. ProEnergy incorporates all answers contained in Paragraphs 1-13 above.

15. Paragraph 15 is denied.

16. ProEnergy incorporates all answers contained in Paragraphs 1-15 above.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. ProEnergy denies that Wood Group is entitled to the relief requested in its Prayer for Relief.

## **Affirmative Defenses**

20. The Complaint fails to state a claim against ProEnergy upon which relief can be granted.

21. The claims asserted by Wood Group are barred by the statute of limitations.

22. The Employment Agreements and Intellectual Property Agreements, and/or pertinent portions thereof, referenced in the Complaint are void and/or unenforceable.

23. If applicable, any restrictions contained in the Employment Agreements and Intellectual Property Agreements are overly broad in time, scope and geography and are against public policy.

24. If applicable, any restrictions contained in the Employment Agreements and Intellectual Property Agreements are unenforceable and/or overly broad because they unreasonably impose upon Trujillo's right to earn a living.

25. Any information and material provided to Trujillo during the course of his employment was neither confidential nor proprietary and thus not legally entitled to protection.

26. Any information and material provided to Trujillo during the course of his employment is generally available to the public and/or readily ascertainable.

27. To the extent that confidential or proprietary information and material was supplied to Trujillo during the course of his employment, which is denied, any such information and material was returned to Wood Group.

28. To the extent that confidential or proprietary information and material was supplied to Trujillo during the course of his employment, which is denied, Trujillo has not provided ProEnergy with any such information.

29. Wood Group's claims are barred by the affirmative defenses of legal justification and excuse.

## Jury Demand

30. ProEnergy hereby demands a trial by jury for all issues so triable.

Accordingly, ProEnergy requests that the Court enter judgment:

(i) denying all relief requested in Wood Group's Complaint,

(ii) awarding ProEnergy its reasonable attorney's fees and costs; and

(iii) granting ProEnergy such other relief, both at law and in equity, as is just.

**Dated: September 1, 2011.**

       Respectfully submitted,

       **CARRIGAN, McCLOSKEY & ROBERSON, L.L.P.**

       By:   s/ Blake E. Rizzo
            Timothy M. McCloskey - Attorney In Charge
            SBOT:13417650
            Blake E. Rizzo
            SBOT: 24034073/S.D. Tex. No. 29684
            945 Heights Blvd.
            Houston, TX 77008
            713-868-5581
            713-868-1275 (fax)
            brizzo@cmrllp.com

            Robert W. Russell #38116
            **KEMPTON AND RUSSELL**
            114 East Fifth Street
            P.O. Box 815
            Sedalia, MO 65302-0815
            660-827-0314
            660-827-1200 (FAX)
            rob@kemptonrussell.com

       *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and accurate copy of the above and foregoing was forwarded via prepaid United States mail properly addressed to:

Samuel Zurik, III
Robert P. Lombardi
The Kullman Firm
1100 Poydras Street
1600 Energy Centre
New Orleans, Louisiana 70163

and

Martin J. Regimbal
The Kullman Firm
Court Square Towers, Suite 704
200 6th Street North
Columbus, MS 39701

on this 1st day of September, 2011.

                     s/Blake E. Rizzo
                     Blake E. Rizzo